90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Carlton REID, Appellant.
 No. 96-3011.
 United States Court of Appeals, District of Columbia Circuit.
 June 26, 1996.
Rehearing Denied Oct. 7, 1996.
 
 Before: WILLIAMS, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed December 12, 1995, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Carlton Reid appeals the district court's denial of his motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the 121-month sentence imposed on him in connection with his convictions for possession with intent to distribute 5 grams or more of cocaine base and possession with intent to distribute a controlled substance within 1000 feet of a school. Reid's motion raised a number of issues which he contends amounted to prejudicial error during the course of his trial and argued that his appellate counsel had been ineffective for failing to raise those issues on direct appeal.
 
 
 5
 In order to establish that his appellate counsel provided constitutionally ineffective assistance, Reid must show that counsel's representation fell below an objective standard of reasonableness and that but for his counsel's error, the outcome of his appeal would have been different. Cf. Strickland v. Washington, 466 U.S. 668 (1984). Reid's sole ground for attacking his appellate counsel's performance is that counsel opted to focus the appeal on two issues rather than raise the myriad of issues Reid presented in his post-conviction motion. However, the Supreme Court has held that the Sixth Amendment right to effective assistance of counsel is not violated where court-appointed counsel decides, as an exercise of professional judgment, not to raise on appeal every nonfrivolous issue available. See Jones v. Barnes, 463 U.S. 745 (1983). The record reflects that Reid's court-appointed counsel made a strategic decision to focus the appeal on the district court's denial of Reid's pretrial motion to suppress evidence and its denial of Reid's request for a reduction in his base offense level under the United States Sentencing Guidelines. Because those two issues were among the most promising available to pursue on appeal, it was reasonable for counsel to have concentrated on developing them. Thus, Reid has failed to show that his counsel's performance was objectively unreasonable.
 
 
 6
 Reid also has failed to show that the outcome of his appeal would have been different had his counsel raised any of the issues raised in the section 2255 motion. There is no merit to Reid's assertion that the government knowingly presented perjured testimony in offering the testimony of Officer John Cunningham. Although the testimony Officer Cunningham gave at appellant's pretrial detention hearing, grand jury hearing, and pretrial suppression hearing differed in certain respects, the differences were not material, and there is no indication in the record either that Officer Cunningham committed perjury or that the government knowingly presented perjured testimony.
 
 
 7
 There also is no merit to Reid's contention that the district court erred in allowing the government's drug expert, Officer David Stroud, to testify that in his view the heat-sealed bag containing the drugs which had been seized from Reid had not been tampered with. Reid's trial counsel did not object to that testimony, and in cross-examining Officer Stroud, Reid's trial counsel effectively made the point that Stroud had no first-hand knowledge of Reid's case. Given that it was made clear to the jurors that Officer Stroud had no first-hand knowledge of this case, Reid was not prejudiced by Officer Stroud's testimony concerning the heat-seal. Accordingly, Reid's appellate counsel was not ineffective for not raising that issue on direct appeal.
 
 
 8
 Reid also was not prejudiced by his appellate counsel's failure to argue that the district court erred in admitting into evidence government exhibits 2 and 3, the heat-sealed bag containing the drugs seized from Reid and the DEA-7 form containing the results of the chemical analysis of the drugs. Reid's trial counsel objected to the admission of these exhibits on the ground that they contained hearsay statements regarding the chain of custody. The district court sustained the objection, directed government counsel to redact that portion of government exhibits 2 and 3 containing hearsay accounts of the chain of custody, and counsel for the government complied. Because those exhibits no longer contained hearsay when they were admitted into evidence, there was no reason for Reid's appellate counsel to have raised this issue on appeal.
 
 
 9
 With respect to the sufficiency of the evidence of the distance between the place where the offense occurred and the school, the court concludes, viewing the evidence in the light most favorable to the government, that the evidence was sufficient for a reasonable jury to have concluded beyond a reasonable doubt that the apartment where Reid was detained and arrested was within 1000 feet of a school. While there might have been some basis to pursue this issue on appeal, see, e.g., United States v. Applewhite, 72 F.3d 140, 143 (D.C.Cir.1995); United States v. Johnson, 46 F.3d 1166, 1169-70 (D.C.Cir.1995), in light of Jones v. Barnes, the mere fact that this issue is nonfrivolous does not mean that appellate counsel was ineffective for deciding for strategic reasons not to pursue it.
 
 
 10
 Finally, Reid's appellate counsel wisely declined to pursue Reid's objection to the district court's reasonable doubt instruction. This court has upheld the constitutionality of a reasonable doubt instruction which, like that at issue in this case, instructs jurors that the government is not required to prove the defendant guilty beyond all doubt or to a mathematical certainty. See, e.g., United States v. Dale, 991 F.2d 819, 853 (D.C.Cir.1993).
 
 
 11
 Because appellant has failed to demonstrate either that his appellate counsel's performance fell below an objectively reasonable standard or that but for his counsel's strategic decision, the outcome of his appeal would have been different, he has failed to establish that his counsel's performance was constitutionally ineffective. Accordingly, the district court did not err in denying appellant's section 2255 motion.